**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**BELGRAVIA HARTFORD CAPITAL, INC., and BELGRAVIA HARTFORD GOLD ASSETS CORP.,**

**Plaintiffs,**

**v.** **No. 1:25-cv-00119-JCH-KK**

**STINSON, LLP, PAUL LACKEY, ESQ., and SNELL & WILMER L.L.P.,**

**Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Snell & Wilmer L.L.P.'s *Motion to Dismiss* (Dkt. No. 32), which is fully briefed. *See* Resp., Dkt. No. 42; Reply, Dkt. No. 44. The Court previously stayed this case pending the arbitration of fee-dispute claims between Plaintiffs Belgravia Hartford Capital, Inc. ("Belgravia Capital") and Belgravia Hartford Gold Assets Corp. ("Belgravia Gold") (collectively, "Belgravia" or "Plaintiffs") and co-Defendants Stinson, LLP ("Stinson") and Paul Lackey ("Lackey") (collectively, the "Stinson Defendants"). *See* Mem. Op. and Order 16, Dkt. No. 49. In a contemporaneously filed Memorandum Opinion and Order, this Court lifted the stay. Having considered the motion to dismiss, briefs, pleadings, and applicable law, the Court will grant the motion to dismiss but will also grant Plaintiff's request for leave to amend the complaint.

## I. FACTUAL BACKGROUND

### A. Litigation Resulting in Settlement and Royalty Agreements

Belgravia hired Snell & Wilmer L.L.P ("Snell") around May 8, 2017, as its legal counsel related to Belgravia's investments in mining assets and mineral rights connected to a Polyhalite deposit in New Mexico. *See* First Am. Compl. ("FAC") ¶ 10, Dkt. No. 20-3. Lawsuits followed. *See* Settlement Agreement 1, Dkt. No. 30-1. As part of the settlement of both suits, Snell negotiated and drafted a settlement agreement ("the Settlement Agreement") in September 2017 and a Royalty Agreement, granting Belgravia royalty rights tied to the mine. *See id.*; FAC ¶ 11, Dkt. No. 20-3.

**B. New Mexico Litigation to Enforce Settlement and Royalty Agreements**

In September 2021, at Snell's recommendation, Belgravia filed a civil lawsuit in the United States District Court for the District of New Mexico against PolyNatura Corp. concerning the Royalty Agreement: *Belgravia v. PolyNatura*, Case No. 2:21-cv-00918-MIS-JHR ("*PolyNatura* Lawsuit"). *See* FAC ¶ 15, Dkt. No. 20-3. Snell served as lead counsel for Belgravia in that case until it voluntarily withdrew, effective September 7, 2022. *Id.* ¶¶ 15, 19.

The *PolyNatura* Lawsuit recently ended. *See* Final J., *PolyNatura* Lawsuit, Dkt. No. 287. Having previously granted summary judgment to PolyNatura Corp. on three claims, on March 19, 2026, the Honorable Margaret I. Strickland granted PolyNatura Corp.'s motion to dismiss the last claim and entered Final Judgment. *See id.*; Order Granting Def.'s Mot. to Dismiss & Order at 2, *PolyNatura* Lawsuit, Dkt. Nos. 286, 312. Belgravia Gold filed a motion to reconsider the dismissal order. *See* Mot. to Reconsider, *PolyNatura* Lawsuit, Dkt. No. 288. On July 23, 2026, Judge Strickland granted the motion to reconsider only to the extent that she amended the *Order Granting Defendant's Motion to Dismiss* to read that Plaintiff's claims for damages resulting from the breach of § 7 of the Royalty Agreement is moot and dismissed without prejudice, but otherwise she denied the motion to reconsider. *See* Order at 7, *PolyNatura* Lawsuit, Dkt. No. 312.

**C. Legal Malpractice Lawsuit**

On December 23, 2024, Belgravia sued Stinson and Lackey for legal malpractice, negligent and intentional misrepresentation, and violation of the Unfair Trade Practices Act ("NMUPA") in New Mexico state court arising out of the Stinson Defendants' representation in the *PolyNatura* Lawsuit. *See* Compl., Dkt. No. 1-2 at 6-7, 9-11 of 15. The Stinson Defendants thereafter notified the arbitrator of the case and requested that the arbitration be stayed while they pursued this motion to compel. Moheban Decl. ¶ 12, Dkt. No. 4. Belgravia subsequently amended their complaint, which as relevant here, added Snell as a defendant. *See* FAC, Dkt. No. 1-4 at 9-21 of 21. Stinson and Lackey removed the case based on diversity jurisdiction, which Snell joined. Notice of Removal 1-2, Dkt. No. 1; Consent Notice 1, Dkt. No. 20.

**D. Allegations in First Amended Complaint against Snell**

According to the First Amended Complaint, Snell breached its duty to ensure the Settlement Agreement and Royalty Agreement accurately reflected the settlement terms, protected Belgravia's royalty rights, and safeguarded its financial and legal interests. FAC ¶ 12, Dkt. No. 1-4 at 11-12 of 21. Snell failed to ensure the agreements aligned with the negotiated settlement terms, failed to negotiate favorable terms to protect Belgravia's long-term interests, omitted critical protections to enforce and secure its royalty rights, neglected to conduct proper due diligence or identify and mitigate potential risks to its rights, and failed to clearly define material terms to avoid foreseeable disputes. *Id.*

In May and July 2021, Snell oversaw a books and records inspection, analyzed the findings, and advised Belgravia on its rights and remedies. *Id.* ¶ 13, Dkt. No. 1-4 at 12 of 21. Snell, however, neglected to provide adequate legal advice and strategic guidance regarding the enforcement of Belgravia's royalty rights; failed to identify or pursue appropriate remedies to address issues discovered during the inspection; neglected critical steps to protect their interests and contractual

rights; and showed a lack of diligence, competence, and skill in fulfilling its duties to Belgravia. *Id.* ¶ 14.

Snell drafted the complaint in the *PolyNatura* Lawsuit and served as lead counsel. FAC ¶ 15, Dkt. No. 1-4 at 12 of 21. Snell, however, failed to adequately investigate the case and develop claims against proper parties; failed to pursue critical discovery; neglected to advance discovery, unnecessarily delaying the case; failed to provide timely and sound legal advice or make strategic decisions necessary to advance the litigation; and neglected essential litigation tasks and deadlines. *Id.* ¶ 16, Dkt. No. 1-4 at 13 of 21. Snell's poor management forced Belgravia to incur the additional expense of hiring another law firm as co-counsel. *Id.* ¶ 17. Snell's breaches caused Belgravia to incur lost revenue, additional litigation expenses, and diminished value of their royalty rights. *Id.* ¶ 18.

Belgravia asserts a legal malpractice claim against Snell in Count II. FAC ¶¶ 37-42, Dkt. No. 1-4 at 17-18 of 21. The following allegations are the basis for this claim:

> (i) failing to adequately represent Belgravia in accordance with the professional standard of care; (ii) neglecting to anticipate foreseeable risks; (iii) negligently drafting the Royalty Agreement and Settlement Agreement; (iv) failing to properly perform the inspection audit; (v) failing to identify all potential defendants and legal theories necessary to advance the case effectively; (vi) failing to protect Belgravia's interests in the negotiation and drafting of the Royalty Agreement and Settlement Agreement; (vii) ignoring specific client concerns; (viii) misrepresenting or failing to communicate key facts, circumstances, and developments relevant to the case; (ix) taking action, or failing to take action, without sufficient investigation, preparation, or due diligence; (x) failing to adequately prosecute the Underlying Litigation, including failing to advance critical aspects of the ligation and discovery; (xi) failing to disclose or investigate potential conflicts of interest; and (xii) otherwise acting below the reasonable standard of care expected of attorneys in the community.

*Id.* ¶ 40, Dkt. No. 1-4 at 17 of 21.

Additionally, Belgravia brings a negligent and intentional misrepresentation claim against Snell in Count IV. *Id.* ¶¶ 50-56, Dkt. No. 1-4 at 19-20 of 21. According to Belgravia, Snell

misrepresented "material facts, risks, and circumstances concerning the Royalty Agreement, the Settlement Agreement, the inspection of books and records, the Underlying Litigation, the litigation strategy, and the costs and benefits of its representation." FAC ¶ 52, Dkt. No. 1-4 of 19 of 21. Belgravia additionally alleges that Snell gave incomplete information in a material respect and was misleading, *id.* ¶ 51, and failed to fully disclose materials facts to induce it to retain and keep Snell as counsel, *id.* ¶ 53.

Finally, Belgravia alleges Snell violated the Unfair Trade Practices Act via unconscionable trade practices and taking advantage of Belgravia's lack of knowledge, ability, experience, and/or capacity to a grossly unfair degree. *Id.* ¶¶ 57-62, Dkt. No. 1-4 at 20 of 21. They assert that Snell misrepresented its qualifications and experience, misled Belgravia regarding litigation strategy and assessment of their claims, concealed material conflicts of interest, and made false and misleading representations about the handling and progress of the litigation. *Id.* ¶ 60.

**E. Snell's Motion to Dismiss**

In its motion to dismiss, Snell argues the FAC should be dismissed against it because it offers no facts to support its conclusory allegations, such as which terms were undefined, how Snell failed to diligently move the lawsuit forward, what discovery Snell failed to advance, or what misrepresentations Snell made and when and by whom. Mot. 2, Dkt. No. 32. Snell additionally contends that Plaintiffs' claims for legal malpractice and negligent or intentional misrepresentation must be dismissed because they were brought outside the four-year statute of limitations.[1]

---

[1] Plaintiff also asserts that Belgravia Hartford Holdings NM, LLC ("Belgravia NM") was never Snell's client and has no plausible claims against Snell. Mot. 2 n.2, Dkt. No. 32. In a previous Memorandum Opinion and Order, this Court concluded that Belgravia NM was fraudulently joined and had no viable legal claims against Defendants. *See* Mem. Op. and Order 28, Dkt. No. 48. The Court thus need not consider this alternative argument.

In response, Belgravia disputes that it has not alleged sufficient factual detail in its FAC. *See* Resp. 2, Dkt. No. 42. To the extent the Court disagrees, Belgravia requests leave to amend under Rule 15. *Id.* at 3.

## II. STANDARD

When reviewing a complaint under Rule 12(b)(6), the court must accept all well-pleaded allegations as true and construe them in a light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A court, however, will not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a formulaic recitation of the elements devoid of facts, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a party to survive a motion to dismiss, the claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). A plaintiff must allege either direct or inferential allegations on all the material elements of a claim and provide enough factual allegations for a court to infer the claim is plausible. *See Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). "Plausibility is not probability, simply 'more than a sheer possibility.'" *Vasquez-Garcia v. Centurion, LLC*, 172 F.4th 1150, 1157 (10th Cir. 2026). A plaintiff only needs to allege enough facts to make his claim plausible on its face and provide fair notice to the defendant. *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013).

The defendant, however, bears the burden to plead an affirmative defense. *Vasquez-Garcia*, 172 F.4th at 1157. The plaintiff does not need to "anticipate in the complaint an affirmative defense that may be raised by the defendant." *Id.* "It is therefore generally inappropriate to grant Rule 12(b)(6) dismissal on the basis of an affirmative defense, unless the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Id.* (internal quotations omitted).

## III. ANALYSIS

### A. Legal malpractice claim

#### 1. Insufficient factual allegations to state plausible claim

To state a claim for legal malpractice, the plaintiff must plausibly allege: (1) the employment of the defendant attorney; (2) the defendant neglected a reasonable duty; and (3) the negligence resulted in and was the proximate cause of loss to the plaintiff. *See Sharts v. Natelson*, 1994-NMSC-114, ¶ 10, 118 N.M. 721, 885 P.2d 642. Snell argues that Plaintiffs' malpractice claim, stripped of conclusory allegations, offers no facts to support their claim that Snell neglected a duty it owed to Plaintiffs. The Court agrees that the facts are wanting. For example, Belgravia contends that Snell failed to ensure that the agreements aligned with the negotiated settlement terms, but Belgravia does not say what terms did not align. *See* FAC ¶ 12, Dkt. No. 1-4 at 11-12 of 21. Similarly, it asserts Snell failed to negotiate favorable terms, omitted critical protections for Belgravia's long-term interests, and neglected to define material terms. *Id.* But again, Belgravia does not state which terms it is talking about, what protections, and what long-term interests were affected for the Court to reasonably infer that Snell's acts or omissions neglected a reasonable duty. Belgravia's allegations are conclusory and do not provide enough factual detail to satisfy the plausibility standard.

Belgravia nevertheless point to additional factual allegations they say meet Rule 12(b)(6) pleading requirements: Snell neglected to provide adequate legal advice and strategic guidance about the enforcement of its royalty rights, failed to identify or pursue appropriate remedies to address issues discovered during the inspection, overlooked critical steps to protect Belgravia's interests, and showed a pervasive lack of diligence, competence, and skill in fulfilling obligations to Belgravia. *See* FAC ¶ 14, Dkt. No. 1-4 at 12 of 21. These assertions are equally vague and

conclusory. They offer no detail to determine whether Plaintiffs could plausibly show deficiencies in Snell's legal advice that led to their damages. There is no identification of what specific issues were discovered during the inspection of the books, what steps Snell should have advised Belgravia to take, or what remedies were available that Snell should have pursued. Plaintiffs argue that they identified transactions and tasks and specified the ways in which Snell's performance failed to meet reasonable professional standards. Generally stating that Snell was deficient in contract drafting, post-contract enforcement, and litigation is not sufficient for the Court to draw a reasonable inference that Snell committed legal malpractice. Contrary to Plaintiffs' argument, the lack of factual detail does not raise the right to relief above the speculative level or even to give adequate notice as to what Snell is defending.

**2. Complaint does not admit all elements of statute of limitations necessary to dismiss malpractice claim with prejudice**

A statute-of-limitations defense is an affirmative defense. *Vasquez-Garcia*, 172 F.4th at 1157. To succeed on the defense raised in a Rule 12(b)(6) motion, a defendant must show that the complaint admits all the elements of the defense. *Id.* A legal malpractice claim has a four-year statute of limitations in New Mexico. *See Sharts*, 1994-NMSC-114, ¶ 1. The statute of limitations begins to run "when (1) the client sustains actual injury and (2) the client discovers, or through reasonable diligence should discover, the facts essential to the cause of action." *Id.* ¶ 11 (internal footnote omitted).

Snell contends that any claim for legal malpractice arising out of Snell's work on the 2017 Agreements are time barred. According to Snell, the complaint establishes that Plaintiffs knew or should have known about Snell's alleged negligence when they signed the agreements because at that time, they should have known of the deficiencies therein. Belgravia responds that the FAC does not conclusively show the claim is time-barred because it indicates Snell's representation

continued through August 2022, delaying earlier discovery of the negligence and misrepresentations before the post-2022 enforcement efforts.

Belgravia filed their complaint on December 23, 2024, so the claim survives the statute-of-limitations defense if it accrued on or after December 23, 2020. While the agreements were entered in 2017, Plaintiffs allege that Snell represented them until August 31, 2022. FAC ¶¶ 10-11, Dkt. No. 1-4 at 11 of 21. According to the FAC, Snell oversaw a books and records inspection in May and July 2021 and initiated the *PolyNatura* Lawsuit in September 2021. *Id.* ¶¶ 13, 15, Dkt. No. 1-4 at 12 of 21. Plaintiffs argue that they did not discover the 2017 drafting errors until the inspections and litigation in 2021-2022 revealed those flaws. *See* Resp. 7, Dkt. No. 42 (citing FAC ¶¶ 13-18, 29). It is not so clear from the amended complaint that Belgravia discovered or should have discovered the facts underlying the legal malpractice claim prior to December 23, 2020. Because the FAC does not admit or conclusively establish that Belgravia should have discovered the facts outside the statute of limitations period, the Court will deny the motion to dismiss on statute-of-limitations grounds.

**B. Negligent and intentional misrepresentation claim**

**1. Count IV fails to state a plausible claim**

"The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Williams v. Stewart*, 2005-NMCA-061, ¶ 34, 137 N.M. 420, 112 P.3d 281. "To recover under a theory of negligent misrepresentation, a plaintiff must show that: (1) the defendant made a material representation to plaintiff, (2) the plaintiff relied upon the representation, (3) the defendant knew the representation was false or made it recklessly, and (4)

the defendant intended to induce reliance by the plaintiff." *Robey v. Parnell*, 2017-NMCA-038, ¶ 31, 392 P.3d 642. Elements common to both claims are that the defendant made a misrepresentation and that the plaintiff relied on that misrepresentation.

Snell asserts that Belgravia failed to plead any non-conclusory facts showing a misrepresentation and reliance thereon. Belgravia counter that they sufficiently alleged that Snell "misrepresented facts, risks, and circumstances concerning the Royalty Agreement [and] Settlement Agreement." Pls.' Resp. 11, Dkt. No. 42 (quoting FAC ¶ 52). Belgravia's allegations of misrepresentation lack factual support to state a plausible claim. Belgravia offers no actual concrete misrepresentation and gives no context for ascertaining why the statement was misleading or untrue. The closest Belgravia gets to sufficient factual detail is its contention that Snell misrepresented its qualifications and experience. But even that statement lacks context. What qualifications did Snell claim to have that it did not have? "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The well-pleaded factual allegations from which a court may infer more than a mere possibility of misconduct are missing here. Because the allegations in the FAC are devoid of non-conclusory factual detail to understand what Snell said or suggested that was false or how Belgravia relied on it to its detriment, Count IV fails to state a claim.

Snell additionally contends that Plaintiffs' claim for intentional misrepresentation must, and fails to, satisfy Rule 9(b)'s heightened pleading standard. Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A "complaint stating the 'who, what, where, when, and how' of the alleged fraud gives a defendant the requisite level of notice required under Rule 9(b)." *Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023).

Belgravia's FAC does not contain particular facts regarding the purported fraudulent statements sufficient to satisfy Rule 12(b)(6) plausibility, let alone to meet Rule 9(b)'s particularity requirement.

**2. Court declines to dismiss based on statute of limitations**

Snell next argues that the misrepresentation claims are time-barred to the extent they arise from the 2017 agreement, because any misrepresentation would have been apparent from the face of those agreements. As with the legal malpractice claims, the statute of limitations for causes of actions on the grounds of fraud is four years from the date the cause of action accrued. *See* N.M. Stat. Ann. § 37-1-4; *Wilde v. Westland Dev. Co., Inc.*, 2010-NMCA-085, ¶ 18, 148 N.M. 627, 241 P.3d 628. The statute of limitations does not begin to accrue until the plaintiff discovers the fraud or "such facts as would, on reasonable diligent investigation, lead to knowledge of the fraud or other injury." *Wilde*, 2010-NMCA-085, ¶ 18 (internal brackets and quotations omitted). For the same reasons given *supra*, the FAC does not admit or conclusively establish that Belgravia should have discovered the facts of negligent or intentional misrepresentation prior to December 20, 2020. The Court will not dismiss the complaint with prejudice based on the statute-of-limitations affirmative defense.

**C. NMUPA claim**

To state a claim for unfair or deceptive trade practice under the NMUPA, the plaintiff must allege: "(1) the defendant made an oral or written statement, a visual description or a representation of any kind that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale, lease, rental, or loan of goods or services in the regular course of the defendant's business; and (3) the representation was of the type that may, tends to, or does deceive or mislead any person." *Lohman v. Daimler-Chrysler Corp.*, 2007-

NMCA-100, ¶ 5, 142 N.M. 437, 166 P.3d 1091. *See also* N.M. Stat. Ann. § 57-12-2(D). "The gravamen of an unfair trade practice is a misleading, false, or deceptive statement made knowingly in connection with the sale of goods or services." *Lohman*, 2007-NMCA-100, ¶ 5 (quoting *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 17, 125 N.M. 748, 965 P.2d 332).

Snell contends that Plaintiffs have not alleged that Snell made a false or misleading statement or representation. The Court agrees that Plaintiffs failed to plead the false, misleading, or deceptive statement with sufficient particularity to plausibly state a claim. Belgravia alleges that Snell misrepresented its qualifications and experience, misled Belgravia regarding litigation strategy and assessment of its claims, concealed material conflicts of interest, and made false and misleading representations about the handling and progress of the litigation. FAC ¶ 60, Dkt. No. 1-4. These assertions are conclusory and devoid of facts necessary to give Snell notice of what it said and why it was false or misled Belgravia to satisfy the plausibility standard. Simply put, the allegations are so general and cover so wide a swath of conduct that they fail to give notice to Snell of the actual grounds against it to prepare a defense.

Next, Snell argues that Belgravia failed to plead a plausible unconscionable trade practices claim. As relevant here, the NMUPA prohibits as an "unconscionable trade practice" an act or practice in connection with the sale of services by licensed professionals that "takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree." N.M. Stat. Ann. § 57-12-2(E). To state a claim for unconscionable trade practices, the plaintiff must assert that it lacked knowledge, ability, experience, or capacity; the defendant took advantage of the plaintiff's deficits; and these practices took advantage of the plaintiff to a grossly unfair degree to plaintiff's detriment. *See State ex rel. King v. B & B Investment Group, Inc.*, 2014-NMSC-024, ¶ 13, 329 P.3d 658. Plaintiffs argue in their response that Snell "touted niche mining-law expertise,"

which Plaintiffs lacked. Pl.'s Resp. 15, Dkt. No. 42. That allegation, however, is not found in the first amended complaint. Instead, Belgravia merely recited the elements of the claim without a sufficient factual predicate. The Court agrees that the allegations are a threadbare recital of the elements without sufficient factual detail as to how Snell took advantage of Belgravia to determine the plausibility of the NMUPA claim. Count V should thus be dismissed under Rule 12(b)(6).[2]

**D. Court will grant leave to amend**

In its response, Belgravia requests leave to amend the complaint should the Court find that the allegations fail to state a claim. Snell opposes the request, asserting amendment would be futile.

Generally, a court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Whether to allow amendment of the pleadings is within the discretion of the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The purpose of Rule 15 "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* at 1204 (internal quotations omitted). Leave sought must be freely given in the absence of any justifiable reason for the denial of the motion, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Belgravia failed to meet the plausibility standard, the Court cannot say that amendment would be futile. As discussed, Snell has not established that the statute of limitations defense renders the claim futile. Preferring to resolve claims on their merit, the Court will grant Plaintiffs leave to amend their complaint. *See Calderon v. Kansas Dept. of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)

[2] In a footnote, Snell also asserts that, to the extend the NMUPA claim is based on the 2017 Agreements, it should be dismissed as untimely. Mot.15 n.9, Dkt. No. 32. For the reasons given above, the Court disagrees that it may dismiss the claim with prejudice on a Rule 12(b)(6) motion based on the statute of limitations defense.

("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits.").

**IT IS THEREFORE ORDERED** that

1. Defendant Snell & Wilmer L.L.P.'s *Motion to Dismiss* (**Dkt. No. 32**) the First Amended Complaint is **GRANTED**, but dismissal is without prejudice.
2. Plaintiffs' request for leave to file a second amended complaint is **GRANTED**.
3. Plaintiffs may file a second amended complaint **within 10 days** of entry of this Memorandum Opinion and Order. Failure to do so may result in dismissal of the claims against Snell with prejudice.

SENIOR UNITED STATES DISTRICT JUDGE